IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ROBERT GOODINE, : 
 : 
          Plaintiff, :      No. 4:08-CV-01898
 : 
   v. :      (Judge McClure)
 : 
LACKAWANNA COUNTY : 
SHERIFF, et. al., : 
 : 
        Defendants. : 

## MEMORANDUM

March 4, 2010

**BACKGROUND:**

Robert Goodine, an inmate currently confined at the State Correctional

Institute at Huntingdon ("SCI-Huntingdon"), initiated this pro se 42 U.S.C. § 1983

action by filing a complaint. Named as defendants are the Lackawanna County

Sheriff, Lackawanna County Prison Board, Lackawanna County Prison Warden,

Lackawanna County Commissioners, Lackawanna County Prison Security Chief,

Andrew J. Jarbola, III (the Lackawanna County District Attorney), and Eugene

"Gene" Talerico, Jr. (a Lackawanna County Assistant District Attorney). Goodine

alleges defendants violated his First, Second, Fourth, Fifth, Sixth, Eighth and

Fourteenth Amendment rights while Goodine was incarcerated at the Lackawanna

1

County Prison.

Before the court are plaintiff's motion for default judgment, plaintiff's motion for summary judgment, and two separate motions for summary judgment from the defendants.

**PROCEDURAL HISTORY:**

Plaintiff filed a "Petition for Default Judgment to be Issued against Lackawanna County Sheriff for Failure to Respond to Complaint" and a supporting brief on October 29, 2009. (Rec. Doc. Nos. 47 and 48). Plaintiff filed a second supporting brief on November 12, 2009. (Rec. Doc. No. 49). The Lackawanna County Prison Board filed an answer to the motion on November 13, 2009. (Rec. Doc. No. 50). The Lackawanna County Sheriff's Department filed a response to the motion and an opposing brief on November 20, 2009. (Rec. Doc. Nos. 63 and 64). No reply brief was filed.

Plaintiff filed a Motion for Summary Judgment and a supporting brief on November 16, 2009. (Rec. Doc. Nos. 51 and 51-2). Plaintiff also sent correspondence to the court requesting the recorded phone conversations be added to the record. (Rec. Doc. No. 79). No statement of material facts was filed. Defendants filed an opposing brief on December 3, 2009. (Rec. Doc. No. 72). Plaintiff also filed a Petition for Recorded Telephone Conversations to be made

part of the record.  (Rec. Doc. No. 79).  We will accept his CD as an exhibit to his summary judgment motion.

Defendants Lackawanna County Prison Board, Warden, Security Chief, Jarbola, and Talerico filed a Motion for Summary Judgment and a separate statement of material facts on November 16, 2009.  (Rec. Doc. Nos. 53 and 57).  Defendants filed a supporting brief on November 25, 2009.  (Rec. Doc. No. 66).  No opposing brief was filed.

On December 30, 2009, Defendants Lackawanna County Sheriff's Department and the Lackawanna County Commissioners filed a Motion for Summary Judgment, a separate statement of material facts, and a supporting brief. (Rec. Doc. Nos. 76, 77 and 78).  No opposing brief was filed.

All motions are ripe for disposition. Now, therefore, for the following reasons we will grant defendants' motions for summary judgment, deny plaintiff's motion for summary judgment and deny plaintiff's motion for default judgment, and we will dismiss the complaint in part if plaintiff does not amend his complaint.

**DISCUSSION:**

**1. Facts**

The facts are as follows.[1]  Robert Goodine is a prisoner currently

incarcerated at SCI-Huntingdon in Huntingdon, PA.  In April 2007, Goodine was a

pre-trial detainee at the Lackawanna County Prison ("hereinafter LCP") in

Scranton, PA.  While incarcerated at the LCP, some of Goodine's telephone calls

were recorded and provided to Assistant District Attorney Eugene Talerico.  At all

times relevant to this complaint, exceptions to the prohibition of interception and

disclosure of communications were governed by 18 Pa.C.S. §5704.

When Goodine was admitted to the LCP he signed a written waiver that

stated, in bold print, "I understand and agree that telephone calls are subject to

monitoring, recording, and may be intercepted or divulged."   In an affidavit,

David M. Langan, one of the individuals principally responsible for the procedures

that apply to inmate use of telephones in the LCP, indicated that persons who are

---

[1]Pursuant to M.D. Pa. L.R. 56.1, the moving party is required to file a
statement of material facts in support of the motion for summary judgment, and the
non-moving party is required to file a responsive statement of facts.  Both parties
are required to "include references to the parts of the record that support the
statements." Plaintiff did not file a statement of material facts nor did plaintiff file
a responsive statement of facts.  As a result we will adopt all of defendants' facts
that are not clearly disputed by plaintiff with adequate references to the record.
See United States ex rel. Stephen Paranich, D.C. v. Deborah Sorgnard, et. al., 286
F. Supp. 2d 445, 447 n.3 (M.D. Pa. 2003),  aff'd, 396 F.3d 326 (3d Cir. 2005).

calling the LCP are notified that the call may be recorded or monitored. David M.
Langan also indicated that the LCP does not intercept, record, monitor or divulge
any conversation between an inmate and his attorney of record.

Talerico indicated in answer to plaintiff's interrogatories that he listened to
the calls as part of a continuing investigation and prosecution of Goodine and his
accomplices. Talerico further indicated in his answer to plaintiff's interrogatories
that none of plaintiff's calls with his attorney was intercepted or monitored.

Goodine testified at his deposition that he did not have any personal
information that any member of the Prison Board was aware that his phone calls
were being monitored nor does he have any evidence that the Prison Board,
Sheriff's Office or County Commissioners were participating in the monitoring.

Goodine was housed in the "Delta Unit" while at the LCP. To obtain access
to the law library, Goodine was to submit a written request for time to be scheduled
in the library.

**2. Re-Screening**

On October 22, 2008, we screened plaintiff's complaint pursuant to 28
U.S.C. §§ 1915A(a) and 1915(e)(2)(B) and ordered service. The thrust of
plaintiff's claim is allegations of <u>Fourth</u> <u>Amendment</u> violations based on
Goodine's assertion that his telephone calls were monitored and turned over to the

District Attorney's Office.  He also asserts that he was denied access to the law library in violation of the <u>Sixth Amendment's</u> guarantee of access to the courts. Additionally, Goodine lists the <u>Second</u>, <u>Fifth</u> and <u>Fourteenth Amendments</u> in his complaint, but does not set forth any facts to support why he believes his <u>Second</u>, <u>Fifth</u> and <u>Fourteenth Amendment</u> rights were violated or how the defendants were involved in a constitutional violation.  Goodine also contends that his <u>First Amendment</u> rights were violated because he was denied the opportunity to attend regular worship services and to have his priest visit him, again without setting forth any facts to support a constitutional violation or how the defendants were involved in the violation.

On reexamination of the complaint it is clear that Goodine has failed to state a claim based on the <u>First</u>,  <u>Second</u>, <u>Fifth</u>, <u>Eighth</u> and <u>Fourteenth  Amendments</u>, and the parties did not address these allegations in their cross-motions for summary judgment.   We will dismiss these claims pursuant to  28 U.S.C. §§ 1915A(a) and 1915(e)(2)(B).

Based on the allegations in the complaint, any <u>Second</u>, <u>Fifth</u>, <u>Fourteenth</u> and <u>Fourteenth Amendment</u> claims are frivolous.  We will not grant plaintiff leave to amend his <u>Second</u>, <u>Fifth</u>, <u>Eighth</u> and <u>Fourteenth Amendment</u> claims.   Plaintiff will be given leave to amend his <u>First Amendment</u> Free Exercise claim.   Plaintiff will

be given twenty-one days to amend <u>his First Amendment claim only</u>, otherwise it will be dismissed for failure to state a claim.

## 3. Discussion

<u>Default Judgment</u>

Rule 55 of the Federal Rules of Civil Procedure governs default and default judgments and states that the clerk must enter default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Rule 12(a)(1) governs the time for serving a response. It requires service of an answer within 20 days[2] after being served with summons and complaint or within 60 days of waiving service.

"Three factors control whether a default judgment should be granted: (1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." <u>Chamberlain v. Giampapa</u>, 210 F.3d 154, 164 (3d Cir. 2000).

Plaintiff is moving for entry of default and default judgment against the Lackawanna County Sheriff and the Lackawanna County Prison Board. Plaintiff filed his complaint on October 15, 2008. The summons was issued October 22,

---

[2]The rule has been updated to give defendant 21 days to answer, but the rule in effect at the time defendant was served was 20 days.

2008.  The summons was returned executed December 9, 2008.  The Prison Board moved for an extension of time within which to file its answer, and an extension was granted giving the Prison Board until January 23, 2009 to file an answer.  The Prison Board timely filed its answer on January 23, 2009.  On November 18, 2009, Sheriff moved for an extension of time within which to file his/her answer.  We granted the extension, and thus the answer was timely filed on November 20, 2009.

We will not grant plaintiff an entry of default and default judgment against the Prison Board.  The Prison Board requested an extension of time within which to file its answer before its answer was due.  The Prison Board then filed its answer on the date ordered by this court.  The Prison Board was timely in filing its answer.

The Sheriff did not timely file a request for an extension of time within which to file its answer, although we did grant an extension.  Thus, we must examine the three factors the Third Circuit has set forth for district courts to consider when deciding whether or not to enter a default or a default judgment.  There is little prejudice to the plaintiff, as the discovery and defenses are similar to all defendants and the defendants have the same counsel.   The second factor is whether or not the defendant has a litigable defense.  Plaintiff testified in his deposition that he had no knowledge of any personal involvement by the Sheriff in

the monitoring of his phone calls. This is a meritorious defense to plaintiff's claims. Finally, we are to examine if the delay was due to defendant's culpable conduct. "Culpable conduct means actions taken willfully or in bad faith." Gross v. Stereo Systems, Inc., 700 F.2d 120, 124 (3d Cir. 1983). Defendant asserts that there was confusion among the various insurance companies as to which would be providing coverage for the Sheriff. The Sheriff, now represented by the same attorney representing all other defendants in this case, waited 11 months before an attorney entered an appearance and requested an extension of time to file an answer. The Sheriff could have notified the court of a need for an extension much earlier than 11 months after the answer would have been due and after the close of discovery. However, although dilatory, we do not find the sheriff's actions to be willful or in bad fath.

As default judgments are generally disfavored in the Third Circuit, we will deny plaintiff's motion. As a result, we will not enter default and default judgment against the Sheriff.

## Summary Judgment

Summary judgment is appropriate when 1) there are no material facts in dispute; and 2) one party is entitled to judgment as a matter of law. Int'l Union, United Mine Workers of Am. v. Racho Trucking Co., 897 F.2d 1248, 1252 (3d Cir.

1990) (citing Fed. R. Civ. Pro. 56(c)).

The standard by which the court decides a summary judgment motion does not change when the parties file cross-motions. Weissman v. United States Postal Serv., 19 F. Supp. 2d 254, 259 (D.N.J. 1998). When ruling on cross motions for summary judgment, the court must consider the motions independently, Williams v. Philadelphia Housing Authority, 834 F. Supp. 794, 797 (E.D. Pa. 1993), aff'd, 27 F.3d 560 (3d Cir. 1994), and view the evidence on each motion in the light most favorable to the party opposing the motion. See Matsushita Elec. Insus. Co., Ltd. v. Zenith Radio corp., 475 U.S. 574, 587 (1986).

A district court may properly grant a motion for summary judgment when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "Material facts" are those which might affect the outcome of the suit. Id, Justofin v. Metropolitan Life Ins. Co., 372 F.3d 517, 521 (3d Cir. 2004).

Regardless of who bears the burden of persuasion at trial, the party moving for summary judgment has the burden to show an absence of genuine issues of

material fact.  Aman v. Cort Furniture Rental Corp., 85 F.3d 1074, 1080 (3d Cir. 1996) (citations omitted).  To meet this burden when the moving party does not bear the burden of persuasion at trial, the moving party must show that the evidentiary materials of record, if reduced to admissible evidence, would be insufficient to carry the nonmovant's burden of proof at trial.'" Jalil v. Avdel Corp., 873 F.2d 701, 706 (3d Cir. 1989) (quoting Chippolini v. Spencer Gifts, Inc., 814 F.2d 893, 896 (3d. Cir. 1987)); see Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  More simply put, a party moving for summary judgment who does not bear the burden of persuasion at trial is not required to negate the nonmovant's claim, but only point out a lack of evidence sufficient to support the nonmovant's claim.  Country Floors, Inc. v. Partnership Composed of Gepner and Ford, 930 F.2d 1056, 1061 (3d Cir. 1991).

Once the moving party meets its burden of showing an absence of genuine issues of material fact, the nonmoving party must provide some evidence that an issue of material fact remains.  Matushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  The nonmoving party, however, cannot do so by merely offering general denials, vague allegations, or conclusory statements; rather the party must point to specific evidence in the record that creates a genuine issue as to a material fact.  Celotex, 477 U.S. at 32; Ridgewood Bd. of Educ. v. N.E. ex rel.

M.E., 172 F.3d 238, 252 (3d Cir. 1999).

The claims that have survived screening and are the subject of the cross motions for summary judgment are Goodine's assertion that his phone calls while incarcerated were recorded and provided to the district attorney in violation of his Fourth Amendment rights and Goodine's allegation that he was denied access to the law library in violation of his Sixth Amendment right to access to the courts.

Plaintiff argues that he is entitled to summary judgment because the Sheriff, County Commissioners and Prison Board failed to respond to the complaint in a timely manner, and because he was a pre-trial detainee at the time his constitutional rights were allegedly violated.

Defendants argue that recording the calls did not violate the Constitution and that Goodine's denial of law library access fails as a matter of law. Additionally, the Prison Board asserts that it is entitled to summary judgment because it is not an entity that can be sued. The Sheriff, County Commissioners and Warden argue that they are entitled to summary judgment because there is no evidence that they were personally involved in the alleged constitutional violations. Talerico argues that he is entitled to summary judgment because he has absolute prosecutorial immunity.

Prison Board

Defendants argue that the Prison Board should be stricken from the complaint because it has no corporate identity apart from Lackawanna County and therefore has no capacity to be sued.

Although two western district cases held that a prison board does not have the capacity to be sued, see Birckbichler v. Butler County Prison, 2009 U.S. Dist. LEXIS 84949 at *18-19 (W. D. Pa. September 17, 2009) (Hay, J.); Brothers v. Lawrence County Prison Bd., 2008 U.S. Dist. LEXIS 2487 at *2 (W.D. Pa. January 14, 2008) (Fischer, J.), this has not been the position of the Middle District, Eastern District or the Third Circuit.

A county prison board is a local government unit and a "person" amenable to suit under § 1983. Meyers v. Schuylkill County Prison, 2006 U.S. Dist. LEXIS 12564, at *27 (March 7, 2006) (McClure, J.); Miszler v. Shoemaker, 2007 U.S. Dist. LEXIS 40409, n 10 (June 4, 2007) (Vanaskie, J.); Raby v. Montgomery County Prison Board et. al., 1990 U.S. Dist. LEXIS 1963, *8 (February 21, 1990) (Weiner, J.); and Hynson v. Chester, 827 F.2d 932, 934 (3d Cir. 1987 ) (holding that a Prison Board that admitted that it is a municipal corporation is not entitled to assert a qualified immunity defense) (writ of certiorari denied 484 U.S. 1007, 108 S. Ct. 702, 98 L. Ed. 2d 653) (vacated on other grounds).

As a result, we will not strike the Prison Board from the complaint.

<u>Sheriff, County Commissioners, Warden and Jarbola</u>

Plaintiff testified at his deposition that he does not have any evidence that the Sheriff or County Commissioners were participating in the monitoring. Additionally, plaintiff has put forth no evidence that the Warden or District Attorney Jarbola participated in the phone call monitoring, listened to the calls, or that the Sheriff, Commissioners, Jarbola or Warden participated in any denial of access to the law library. "A defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondeat superior." <u>Rode v. Dellarciprete</u>, 845 F.2d 1195, 1208 (3d Cir. Pa. 1988); <u>citing</u> <u>Parratt v. Taylor</u>, 451 U.S. 527, 537 n.3, 68 L. Ed. 2d 420, 101 S. Ct. 1908 (1981); <u>Hampton v. Holmesburg Prison Officials</u>, 546 F.2d 1077, 1082 (3d Cir. 1976). "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." <u>Id.</u> "Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity." <u>Id.</u> Because plaintiff has admitted that he has no evidence of, and has set forth nothing to show that the Sheriff, County Commissioners, Warden or Jarbola were personally involved in the events in the complaint, the Sheriff, County Commissioners, Warden and Jarbola are entitled to judgment as a matter of law. We will grant the Sheriff, County Commissioners,

Warden and Jarbola's motions for summary judgment.

Talerico

Assistant District Attorney Talerico asserts that he is entitled to absolute, prosecutorial immunity. The Supreme Court has been "quite sparing" in recognizing absolute immunity; it is only justified when the danger of the officials' being deflected from effective performance of their duties is very great. See Burns v. Reed, 500 U.S. 478, 487 (1991), see also Forrester v. White, 484 U.S. 219, 230. The Supreme Court has refused to extend absolute immunity "any further than its justification would warrant." Burns, 500 U.S. at 487. "The immunities for judges, prosecutors, and witnesses established by [case law] have firm roots in the common law." Mitchell v. Forsyth, 472 U.S. 511, 521 (1985) (holding that the United States Attorney General is not absolutely immune from suit for damages arising out of allegedly unconstitutional conduct in performing national security functions). "[T]he mere threat of litigation may significantly affect the . . . performance of duty by actors in the judicial process." Id. at 522. "[M]ost of the officials who are entitled to absolute immunity from liability for damages are subject to other checks that help prevent abuses of authority from going unredressed." Id. at 523. There is a long standing history in common law of granting absolute immunity to judges, prosecutors, legislators, and jurors when

acting within the scope of their duties. See Van de Kamp v. Goldstein, 129 S. Ct. 855 (2009).

Prosecutors have absolute immunity for conduct "intimately associated with the judicial phase of the criminal process as part of his or her role as an advocate, but not for investigative acts. Andros v. Gross, 294 Fed. Appx. 731, 733 (3d Cir. 2008) (non-precedential) (citing Imbler v. Pachtman, 424 U.S. 409, 430 (1976). Because the Supreme Court has been quite sparing in its application of absolute immunity, we must use a functional approach to determine if Talerico was acting in his advocate capacity in a "quasi-judicial" role or, an administrative/investigative role or totally outside any prosecutorial authority in issuing a subpoena for Goodine's telephone calls and listening to them. See Rose v. Bartle 871 F.2d 331, 346 (3d Cir. 1989). Actions "fairly within the prosecutor's function as an advocate" are entitled to protection. See Buckley v. Fitzsimmons, 509 U.S. 259, 226 (1993) (internal citations omitted). "A prosecutor's administrative duties and those investigatory functions that do not relate to an advocate's preparation for the initiation of a prosecution or for judicial proceedings are not entitled to absolute immunity. Id. "[A]cts undertaken by a prosecutor in preparing for the initiation of judicial proceedings for trial, and which occur in the course of his role as an advocate for the State are entitled to the protections of

absolute immunity."  Id.

Talerico indicated that he listened to Goodine's telephone calls (other than those with his attorney) as part of a continuing investigation and prosecution of Goodine and his accomplices.  We find these actions to be part of the preparation for judicial proceedings in the course of his role as an advocate for the State against Goodine and his accomplices.  As a result, Talerico is entitled to absolute prosecutorial immunity for his actions.

### Monitoring Inmate Calls is Permissible under the Fourth Amendment

The Lackawanna County Security Chief, David Langan,[3] and the Prison Board, assert that they are entitled to summary judgment because the monitoring of inmate calls is permissible under the Fourth Amendment and the law of the Commonwealth of Pennsylvania.

When Goodine was admitted to the LCP he signed a written waiver that stated "I understand and agree that telephone calls are subject to monitoring, recording, and may be intercepted or divulged."  Persons who are calling the LCP are notified that the call may be recorded or monitored.   The LCP does not intercept, record, monitor or divulge any conversation between an inmate and his

---

[3]According to defendant, Langan's title at the time of the events in question was Assistant Warden for Operations, however, Langan admits that he was the person responsible for the monitoring of inmate phone calls.

attorney of record.

Routine taping of an inmate's calls is reasonable. <u>See</u> <u>United States v. Van Hearst</u>, 563 F.2d 1331 (9th Cir. 1977), cert. denied, 435 U.S. 1000, 56 L. Ed. 2d 90, 98 S. Ct. 1656 (1978). "Any expectation of privacy in outbound calls from prison is not objectively reasonable and the Fourth Amendment is therefore not triggered by the routine taping of such calls." <u>United States v. Monghur</u>, 588 F.3d 975, 979 (9th Cir. 2009) quoting <u>United States v. Van Poyck</u>, 77 F.3d 285, 291 (9th Cir. 1996) (acknowledging that this analysis does not apply to properly placed telephone calls between a defendant and his attorney), cert. denied, 519 U.S. 912, 117 S. Ct. 276, 136 L. Ed. 2d 199 (1996), see also <u>United States v. Gangi</u>, 57 Fed. Appx. 809, 815 (10th Cir. 2003) (unpublished). Moreover, because of the increased security interest in prisons, and the fact that the noninmates are on notice that the calls are monitored, even the noninmates' privacy rights would not be violated by the interception of calls from inmates to noninmates. <u>United States v. Willoughby</u>, 860 F.2d 15, 21 (2d Cir. 1998).

Additionally, Goodine consented to the taping of these calls by signing a waiver, with notice of monitoring phone calls in bold letters, upon his arrival to the prison. Thus, his Fourth Amendment claim independently fails on this ground. <u>Van Poyck</u>, 563 F.2d at 1331, citing <u>United States v. Morales</u>, 972 F.2d 1007, 1010

(9th Cir. 1992), cert. denied, 507 U.S. 1012, 113 S. Ct. 1665, 123 L. Ed. 2d 283

(1993).

Law Library

In his complaint, Goodine sets forth a right of access to the courts claim by asserting that he was not able to access the law library on a regular basis because he was, "for the most part," housed in a lockdown unit. Plaintiff did not present any evidence in his motion for summary judgment to support his claim that he was denied access to the law library. Nor did plaintiff mention the law library in his motion for summary judgment. Defendants argue that there was a policy in place for Goodine to request access to the law library while in the lockdown unit, and that Goodine was represented by two attorneys during his murder re-trial.

An inmate alleging a denial of access to the courts claim must show actual injury, meaning "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." Bounds v. Smith, 430 U.S. 817, 52 L. Ed. 2d 72, 97 S. Ct. 1491 (1977). "The right that Bounds acknowledged was the (already well-established) right of *access to the courts*." Lewis v. Casey, 518 U.S. 343, 350 (1996) (emphasis in original) citing, Bounds, 430 U.S. at 817, 821 and 828. "Bounds did not create an abstract, freestanding right to a law library or legal assistance. . ." Id. "Insofar as the right

vindicated by <u>Bounds</u> is concerned, meaningful access to the courts is the touchstone, and the inmate therefore must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to purse a legal claim." <u>Id.</u>

Goodine has identified no actual injury. The evidentiary record is insufficient to carry his burden of proof at trial. "A party moving for summary judgment who does not bear the burden of persuasion at trial is not required to negate the nonmovant's claim, but only point out a lack of evidence sufficient to support the nonmovant's claim." <u>Country Floors, Inc. v. Partnership Composed of Gepner and Ford</u>, 930 F.2d 1056, 1061 (3d Cir. 1991). As a result, defendants are entitled to summary judgment as a matter of law.

**CONCLUSION:**

Defendants are granted summary judgment on all claims except Goodine's First Amendment Free Exercise claim.  Goodine will have twenty-one days from the date of this order to amend the complaint to state a First Amendment claim only.  If he does not amend the complaint in twenty-one days, the First Amendment claim will be dismissed and the clerk will close the case file.


    s/ James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ROBERT GOODINE, : 
: 
Plaintiff, : No. 4:08-CV-01898
: 
v. : (Judge McClure)
: 
LACKAWANNA COUNTY : 
SHERIFF, et. al., : 
: 
Defendants. : 

**O R D E R**

March 4, 2010

For the reasons set forth in the accompanying Memorandum,

**IT IS ORDERED THAT:**

1.  Plaintiff's "Petition for Default Judgment to be Issued against Lackawanna County Sheriff for Failure to Respond to Complaint" is DENIED. (Rec. Doc. No. 47).

2.  Plaintiff's Motion for Summary Judgment is DENIED. (Rec. Doc. No. 51).

3.  Defendants Lackawanna County Prison Board, Warden, Security Chief, Jarbola, and Talerico's Motion for Summary Judgment based on the <u>Fourth</u> and <u>Sixth</u> <u>Amendment</u> claims is GRANTED. (Rec. Doc. No. 53).

4.  Defendants Lackawanna County Sheriff's Department and the

Lackawanna County Commissioners' Motion for Summary Judgment based on the

Fourth and Sixth Amendment claims is GRANTED.  (Rec. Doc. No. 76).

5. Plaintiff's Second, Fifth, Eighth, and Fourteenth  Amendment claims are

DISMISSED pursuant to 28 U.S.C. §§ 1915A(a) and  1915(e)(2)(B).

6.  Plaintiff's is granted leave to amend his First Amendment Free Exercise

claim only.   If plaintiff does not file an amended complaint within twenty-one (21)

days of the date of this order, his First Amendment claim will be dismissed

pursuant to 28 U.S.C. §§ 1915A(a) and  1915(e)(2)(B), and the clerk will be

directed to close the case file.


     s/ James F. McClure, Jr.          
James F. McClure, Jr.
United States District Judge